IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| 102 RECTOR LLC DBA ALAMO FIESTA § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 5:23-cv-01420 |
| § | | |
| DEPOSITORS INSURANCE COMPANY § | | |
| *Defendant.* § | | |

## NOTICE OF REMOVAL

Defendant Depositors Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *102 Rector LLC dba Alamo Fiesta v. Depositors Insurance Company*; Cause No. 2023CI22115; In the 150th Judicial District of Bexar County, Texas.

## I.
## BACKGROUND

1. Plaintiff 102 Rector LLC dba Alamo Fiesta (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2023CI22115; In the 150th Judicial District of Bexar County, Texas, on October 11, 2023 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on November 10, 2023, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state

court file has been requested and will be filed upon receipt. The State Court Action docket sheet is attached as **Exhibit C**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through its attorney of record, and to the clerk of the 150th Judicial District Court of Bexar County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Diversity of Parties**

7. Plaintiff is a limited liability company. Citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Based on a diligent search of publicly available information, the sole members of 102 Rector LLC are Luis G. Pineda and Griselda L. Cortes. After a diligent search of publicly available information, Luis G. Pineda and Griselda L. Cortes are both individuals domiciled in the State of Texas. No other members of 102 Rector LLC were discovered through a diligent search and review of publicly available records and Defendant has

no reason to believe that any members share the citizenship of Defendant. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8.  Defendant Depositors Insurance Company is a corporation organized under the laws of Iowa and maintains its principal place of business in Iowa.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Depositors Insurance Company is a citizen of the State of Iowa.

9.  Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

10.  Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).  If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

11.  Here, Plaintiff's Original Petition seeks "monetary relief of $250,000 but not more than $1,000,000.00. Furthermore, Plaintiff's damages do not exceed $1,000,000.00." **Exhibit A**, Plaintiff's Original Petition with Citation, at § III – Claims for Relief. In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th

Cir. 1998). Plaintiff further seeks compensation for "actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law . . . ." **Exhibit A**, Plaintiff's Original Petition with Citation, at § XI – Prayer.

12. Therefore, the allegations in Plaintiff's Original Petition make clear that the threshold for diversity jurisdiction, $75,000, is established. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

13. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

14. WHEREFORE, Defendant Depositors Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
DEPOSITORS INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 10th day of November, 2023 to:

Jake Rogiers                                             *#9414 7266 9904 2178 2264 16*
Marco D. Flores
Steven Marquez
Flores & Pelaez-Prada, PLLC
3522 Paesanos Pkwy., Ste. 301
San Antonio, Texas 78231
jrogiers@stormlex.com
mflores@stormlex.com
smarquez@stormlex.com

                                                */s/ Patrick M. Kemp*
                                                Patrick M. Kemp